CHARLES A. BOND *vs.* CHARLES BERSON.

JUNE 21, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J. This is an action for breach of warranty. The trial in the Superior Court resulted in a verdict for the plaintiff for $137.80 and the case is before us on the defendant's exceptions as follows: To the admission and exclusion of evidence and to the denial of the defendant's motion for a new trial.

The defendant, a cow dealer, sold to the plaintiff a cow and took the plaintiff's cow in part payment. The plaintiff is not a farmer but keeps one cow to supply his family with milk, cream and butter. The defendant, learning that plaintiff was desirous of obtaining a cow which produced richer milk than the cow he then had, visited the plaintiff with a view of making a sale. The plaintiff's testimony was to the effect that when the defendant first stated his business the plaintiff told him that he desired a first class grade A cow, free from tuberculosis and all other disease; that if

defendant had such a cow the plaintiff would talk business and that the defendant replied by stating that he had just the cow the plaintiff wanted and that the cow was in Newport. The following Saturday the defendant brought in a truck to the plaintiff's home the cow in question.

The plaintiff and three other witnesses testified that the plaintiff told the defendant that plaintiff was placing himself in defendant's hands and relying upon him to deliver a cow free from disease, and especially free from tuberculosis, and that defendant guaranteed the cow which he brought to be free from disease. The defendant denied that he guaranteed the cow to be free from disease. The parties exchanged cows. The plaintiff delivered his cow and $30 to the defendant, who left the cow which he had brought. On the following morning the cow which was left with the plaintiff was, at his request, examined by Dr. Munroe, a veterinary, who was of the opinion that the cow was tubercular, although he did not give the tuberculin test. The cow coughed much of the time. The plaintiff immediately wrote to the defendant stating that the cow had a bad cough; that the plaintiff suspected that she had tuberculosis and that he wanted his cow and money returned. He received no reply but later learned that the defendant was ill in a hospital. After trying for about three months the plaintiff located the defendant and pursuaded him to examine the cow. The defendant was apparently of the opinion that the cow was diseased. He offered to take the cow and give the plaintiff another which was very much older. The offer was not accepted. About three months later the cow was killed by the cattle commissioner. Experts who examined the carcass immediately after the cow was slaughtered testified that the cow had the most advanced case of tuberculosis ever seen by them.

The first exception was taken to a ruling permitting said veterinary to testify as to the value of the cow which the plaintiff delivered to the defendant. It was contended that the veterinary, not being a dealer in cattle, was not an expert

on the value of cows. The veterinary testified that he had always kept himself informed on the value of cows and that he did so by inquiring in the course of his practice the price at which various grades of cows were being sold. We think the trial court did not err in permitting the veterinary to testify as an expert. In *Combination Fountain Co.* v. *Millard*, 50 R. I. 50, we stated as follows: "In a number of opinions this court has stated that the competency of persons offered as experts is generally a question to be decided by the trial justice, in the exercise of his sound discretion, and, unless the ruling is palpably and grossly wrong, it will not be reversed." This exception is overruled.

The defendant was not prejudiced by the ruling excluding an answer to a question asked on cross-examination and the exception to such ruling is overruled.

We think the jury were warranted in finding that the defendant warranted the cow to be free from tuberculosis and that the warranty was false at the time it was made; the plaintiff has, therefore, established liability. See Sec. 12, Chap. 305, G. L. 1923.

The damages awarded are not excessive. The verdict has the approval of the trial justice and after a careful reading of the record we are satisfied that the verdict does substantial justice.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*McGovern & Slattery, James A. Higgins*, for plaintiff.
*George Helford*, for defendant.